[No. 3897.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION
v. FRED W. BETTS.

[No. 3898.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION
v. WILLARD RINKLE.

1. ATTORNEYS AT LAW—DISBARMENT—FIRM BUSINESS.

Where a firm of attorneys consisting of two members, in pursuance of their employment for that purpose, collected money for a client and failed to pay it over but wrongfully withheld it and for a long while thereafter frequently stated to their client that they had not collected the money, and the fact of the collection and failure to pay over, and the false statements in regard thereto made in the name of the firm were well known to each member, there was cause for disbarment of both members of the firm, although one of them had the full benefit of the money collected and through him the false information was given.

2. ATTORNEYS AT LAW—MISAPPROPRIATION OF MONEY—JUSTIFICA-
TION.

No circumstances in which an attorney may be placed will warrant
him in appropriating for his own use the funds of his client or
justify him in falsely stating to his client that he had not made a
collection after he had collected and used the money.

3. ATTORNEYS AT LAW—MISAPPROPRIATION OF FUNDS—DECEIT OF
CLIENT.

Where a firm of two attorneys agreed to bring suit for a client, to be
paid for their services by part of what they recovered, and the
client paid them money sufficient to pay cost for that purpose
and the attorneys appropriated the money to their own use and
failed to pay a docket fee and to file a complaint, and one of
the attorneys falsely represented to the client that suit had been
filed and a judgment by default procured, and the other attorney
while not knowing of the false statements in regard to the judg-
ment, did know the money had been paid to the firm and had been
misappropriated and that the case had been dismissed for failure
to file complaint, there was cause for disbarring both members of
the firm.

4. ATTORNEYS AT LAW—DISBARMENT—PREVIOUS GOOD CHARACTER.

In a disbarment proceeding the attorney's previous good character may
be properly considered, but where the evidence satisfies the court
that the attorney is guilty of having fraudulently misappropriated
his client's money and of falsely informing his client that he had
not collected the money so misappropriated, former good character
cannot relieve the attorney from the penalty of disbarment.

*Original Proceedings of Disbarment.*

Mr. DAVID M. CAMPBELL, attorney general, Mr. CALVIN
E. REED, Mr. DAN B. CAREY and Mr. A. F. FOWLER, for the
people.

Mr. FRED W. BETTS, *pro se*, and Mr. A. B. SEAMAN, for
respondent Betts.　Mr. WILLARD RINKLE, *pro se*, and Mr.
T. E. WATERS, for respondent Rinkle.

PER CURIAM.　These are separate causes, but the charge
against each respondent is the same, and being for misconduct
while engaged in the practice of the law as a firm, under the
name of Betts and Rinkle, the facts are necessarily so inter-

woven that the cases can be disposed of in one opinion.   The charge in each case consists of three specifications, which, so far as it is necessary to notice, are, in substance, as follows:

1. That the firm collected an account of Chambers Brothers Company, the proceeds of which they unlawfully and wrongfully retained, except a part thereof, and while such proceeds were in their hands, falsely represented to Chambers Brothers Company that they were not.

2. That the firm collected an account of the March-Brownback Stove Company, and for a long time thereafter unlawfully kept and retained the proceeds of such account, and during that period falsely represented to the stove company that it had not been collected.

3. That the firm received a certain sum from one Joseph C. Hebert, for the purpose of paying the preliminary costs of a suit to be brought by them for him; that they did not bring such suit, but repeatedly falsely represented to their client that such suit had been begun, and a judgment by default obtained in his favor, when, in truth, the case had been dismissed by the defendant, because a complaint had not been filed therein, and that they have unlawfully retained the money advanced them for costs.

It is further charged that each member of the firm had full knowledge of, consented to, and aided and participated in all of the wrongful, unlawful and unprofessional conduct above specified.

Respondent Betts has answered, admitting the charges embraced in specifications one and two, as above summarized, and pleads an excuse for such conduct upon his part, which will be noticed later.   For answer to the third specification, he avers that Hebert employed the firm of Betts and Rinkle to collect by suit a certain written order in his favor; that they agreed to bring the suit, and obtain judgment for a specific sum, and told Hebert that the costs of bringing the action would be about $6.00, and the difference between that amount and the sum agreed upon would be their charge as compensation for obtaining a judgment; that thereupon Hebert

paid this latter sum, which it was understood would cover their fee, and promised that as soon as the amount agreed upon for paying costs was needed, he would at once pay them that sum, when required; that in a short time thereafter they issued a summons in the action, which was to be brought in favor of Hebert, but did not docket the case or file the complaint, because the money for that purpose was not paid them by Hebert, as agreed, although he was notified so to do, and the action was dismissed on the motion of defendant; denies that either member of the firm ever represented to Hebert that judgment had been rendered in his favor in that action, but, on the contrary, avers they told him that the case had been dismissed because of the failure to file the complaint.

Respondent Rinkle, by his answer, admits the collection of the accounts mentioned in specifications one and two, but denies that the moneys realized thereon were retained by the firm, with his knowledge or consent, or that he appropriated any portion thereof, and avers that he supposed and believed, up to the time these matters were placed in the hands of other attorneys for adjustment that they had been paid over to the respective parties entitled thereto, and denies that he ever represented, or had any knowledge that his firm or either member had represented to the parties from whom the accounts mentioned in these specifications were received, that they had not been collected. His answer to the third charge is substantially the same as that interposed by respondent Betts, except he does not claim that Hebert was requested to pay the balance of the sum agreed upon prior to the time the action was dismissed.

The evidence has been taken before a commissioner, and together with the exhibits introduced by the respective parties, returned to this court, from which and the pleadings filed, we must find the facts, and pronounce such judgment as the law demands. This testimony is quite voluminous, and after a careful and thorough examination, we conclude that it would serve no beneficial purpose to either party to analyze or discuss it in this opinion.

From the evidence and admissions made by respondents in their respective answers, we find that they were engaged in the practice of law in the city of Denver, this state, from January, 1894, until August, 1898, under the firm name of Betts and Rinkle; that the respective accounts mentioned in specifications one and two were collected by the firm in pursuance of their employment for that purpose; that thereafter the firm, through respondent Betts, repeatedly notified Chambers Brothers Company that their account had not been collected; and likewise notified the March-Brownback Stove Company that only a portion of their account had been paid; that at the time of these respective representations, the full proceeds of each collection were in the hands of the firm, and had been for a long time prior thereto, all of which each member well knew, and that the respective false representations of the firm, regarding the collection of these accounts, were made by the firm with the full knowledge of respondent Rinkle.

Respondent Rinkle contends that he did not receive his share of the money made by the firm, and that his partner, Betts, is indebted to him on this account, and was so indebted when the proceeds of these collections were received by the firm, and that he did not appropriate any of these funds for either personal or firm purposes. This is wholly immaterial in this inquiry, nor is it necessary to ascertain which member may have used these funds, either personally, or for the benefit of the firm; for whether they had been appropriated by each or both members, for either partnership or personal purposes, could make no difference, for under the facts found, they were, in contemplation of law, in the hands of the firm. The malconduct of the firm, in knowingly making the false representations they did, with the knowledge and consent of each member, is sufficient to establish the charges in the first and second specifications. In justification of his wrongful acts, in so far as they relate to charges embraced in these specifications, respondent Betts has pleaded that he was induced to use the funds of the clients of the firm by reason

of demands upon his finances of such a character that he was swerved from his path of duty, and having used them, he made the untruthful statements charged, in the hope that time might be gained in which to make up the money thus wrongfully appropriated. In support of this defense, his counsel made an eloquent and touching plea in his oral argument to this court; but in answer to this attempted justification, we can only say, that no circumstances in which an attorney may be placed will warrant him in appropriating for his personal use the funds of his client, or justify him in making the false statements made in these cases.

As to the charge contained in specification number three we find the facts to be that the firm was employed by Hebert to bring suit upon a claim which he held against a party who resided in Idaho Springs; that the firm agreed to bring suit upon the claim, and that their compensation was to be a proportion of the moneys realized on any judgment which might be obtained; that Hebert was to pay the costs; that he advanced a satisfactory sum for that purpose, all of which each member well knew; that respondent Rinkle took charge of this matter; that summons was issued, and served on the defendant, but the complaint not being filed within the time required, the action was dismissed at the instance of the latter; that the sum advanced was sufficient to pay for the service of the summons, and filing the complaint; that respondents paid out no money for either of these purposes; that after such dismissal, respondent Rinkle repeatedly informed Hebert, in response to his inquiry as to the status of the case, that a judgment had been obtained by default, which representations he knew to be false; that respondent Betts had no knowledge that these representations were made, but did know that the action had been dismissed for the reason above stated; that the agreement of the firm had not been complied with, and that the firm, with the knowledge and consent of each member, refused to refund Hebert the money he had advanced for costs, which he demanded after discovering that a judgment had not been obtained, as represented.

Respondent Rinkle has introduced evidence of his good character and standing as a lawyer and as a man of integrity in this community. This is proper to consider, but being satisfied, upon a consideration of all the evidence, that respondent is guilty as charged, we must so find, notwithstanding his previous good character.

The facts as found with respect to each respondent constitute such fraud and unprofessional conduct as to justify disbarment. The rule on respondents to show cause, heretofore issued in each case, is made absolute, and it is adjudged that the name of each be stricken from the roll containing the names of attorneys authorized to practice law in this state.